UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ADAM MOSTEL and DREW PORTALATIN,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

vs.

PBG DELIVERY DUDES LLC, a
Florida limited liability company, and
MICHAL SKARZYNSKI, individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ADAM MOSTEL and DREW PORTALATIN, on behalf of themselves and all others similarly situated, by and through undersigned counsel, sue the Defendants, PBG DELIVERY DUDES LLC, a Florida limited liability company, and MICHAL SKARZYNSKI, individually, and for their causes of action, declare and aver as follows:

## INTRODUCTION

1. Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former delivery drivers of Defendants to recover from the Defendants unpaid minimum wages and overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter referred to as "the FLSA"), and specifically under 29 U.S.C. § 216(b).

2. Defendants are in the restaurant food delivery service business and employed Plaintiffs, as well as all others similarly situated, within the meaning of the FLSA, to deliver food from restaurants that do not provide delivery services to patrons who order the food through an online system.

3. Skarzynski owns, operates and manages the corporate Defendant, and is active in the day to day management of all aspects of the business.

4. In order to avoid, *inter alia*, paying minimum wages and overtime compensation under the law, Defendants misclassify their delivery drivers as 1099 independent contractors. Instead, the Defendants pay the drivers a range of fifty cents ($.50) to two dollars ($2.00) per delivery, plus any tips received from patrons, and often require the delivery drivers to work as much as 50-60 hours per week.

## PARTIES

5. Plaintiffs ADAM MOSTEL and DREW PORTALATIN are citizens and residents of Duval County, Florida, and worked for Defendants in Palm Beach County, Florida, within the jurisdiction of this Court.

6. Defendant, PBG Delivery Dudes LLC, is a Florida limited liability company, organized and existing under the laws of Florida, with its principal place of business located at 993 Sanctuary Cove Drive, Palm Beach Gardens, FL 33410. At all times relevant, PBG Delivery Dudes LLC, was engaged in transportation and delivery services in Florida.

7. Defendant, Michal Skarzynski is the owner, operator and/or manager of PBG Delivery Dudes LLC, and controls PBG Delivery Dudes LLC, through day to day management, supplying delivery orders, website/mobile app, and centralizing hiring. Skarzynski resides at 993 Sanctuary Cove Drive, Palm Beach Gardens, FL 33410.

## JURISDICTION AND VENUE

8. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

9. Based on the corporate Defendant's principal address and place of business, the individual Defendant's residency, and the fact that the acts complained of are within the Southern District of Florida, venue is appropriate in the Southern District pursuant to 28 U.S.C. § 1391(b).

## COVERAGE

10. Defendants have more than two employees and generate more than $500,000.00 in annual revenue.

11. At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA. Indeed, Defendants engage in interstate commerce by employing delivery drivers who use instrumentalities of commerce, including but not limited to processing credit card transactions, use of the telephone and internet, and online ordering through the centralized delivery dudes website.

12. Moreover, at all times material hereto, during their employment with Defendants, Plaintiffs were engaged in interstate commerce. For example, Plaintiffs, and other similarly situated delivery drivers, processed payments from Defendants' customers using a cellular phone-based payment processing method like "Square." Plaintiffs, and other similarly situated delivery drivers, made deliveries from restaurants, including local restaurants and national chains whose food has traveled in interstate commerce.

13. The individual Defendant acted directly and indirectly in the interest of the corporate Defendant, in relation to the Plaintiffs, and similarly situated delivery drivers, with regard to pay classification, pay methodology, pay rates, hours and the terms and conditions of employment. The individual Defendant sets policies and procedures – such as work hours, delivery hours, delivery locations, and participating restaurants – administers the centralized website and social media platforms, and dispatches drivers and distributes orders through the website and email/text message to drivers.

14. Plaintiffs, and other similarly situated delivery drivers, performed a service that was integral to the operation of the Defendants' food delivery business. Indeed, the Defendants' entire business model is economically dependent on the delivery drivers, and the delivery drivers likewise are economically dependent on the Defendants for their livelihood.

15. The additional persons who may become plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former delivery drivers of Defendants, who are or were subject to the payroll practices and procedures described in the paragraphs below, all of whom were employed by the Defendants.

16. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs and those current and former delivery drivers similarly situated to Plaintiffs, while employed by Defendants and unlawfully misclassified as independent contractors for purposes of avoiding minimum wage and overtime compensation eligibility, performed hours of service for Defendants during one or more workweeks, for which Defendants failed to properly pay minimum wages and overtime premiums.

17. Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are and were unlawfully misclassified as independent contractors. Defendants pay the delivery drivers, including Plaintiffs, fifty cents ($.50) to two dollars ($2.00) per delivery "flat fee" for each completed delivery, plus tips.

18. Delivery drivers for Defendants' business typically work eight (8) hour shifts, though commonly more hours were necessary -- if, for example, a delivery came in right at the end of a shift.

19. During such a typical shift, it is common for a delivery driver to make 6–7 deliveries, such that the delivery drivers make a total of less than the minimum wage (not including tips) for the entire shift, let alone per hour.

20. The federal minimum wage for employees is $7.25 and the Florida state minimum wage for these same employees currently is $8.25 per hour. Previously, the Florida state minimum wage ranged from $8.05 in 2015 to $8.25 as of January 1, 2018.

21. Plaintiffs did not control their own schedules; rather, they were subject to the schedule of

Defendants and relied on them for all of their business. The same applies for all of Defendants' delivery drivers.

22. Plaintiffs wore Delivery Dudes uniforms during all relevant times during their employment. The same applies for all of Defendants' delivery drivers.

23. Plaintiffs were required to make deliveries assigned to them through a central dispatching system. The same applies for all of Defendants' delivery drivers.

24. In the course of their employment with the Defendants, Plaintiffs, and other current and former delivery drivers similarly situated, worked the number of hours required, many times in excess of forty (40) per workweek, but Defendants did not pay a proper minimum hourly wage nor proper overtime premiums for any hours worked in excess of forty (40).

25. The pay practices of the Defendants, as described in the above paragraphs, violated the FLSA by failing to pay proper minimum wages and overtime compensation to Plaintiffs, and those other current and former delivery drivers similarly situated to Plaintiffs, for those hours worked per workweek, including in excess of forty (40).

26. The pay practices of the Defendants, as described in the above paragraphs, also violated Florida law by failing to pay proper minimum wages to Plaintiffs, and those other current and former delivery drivers similarly situated to Plaintiffs, for those hours worked per workweek.

27. During the three (3) years preceding the filing of this lawsuit, Defendants have (1) employed and continue to employ individuals similarly situated to Plaintiffs (*i.e.* delivery drivers); (2) classified and continue to classify these individuals as 1099 independent contractors; and (3) suffered or permitted to be suffered, with knowledge, hours of service by these individuals, including in excess of forty (40) during one or more workweeks, for which Defendants failed to pay proper minimum wages and/or overtime premiums for those hours worked in excess of forty (40).

28. Each improperly classified (and therefore improperly paid) delivery driver who performed

and/or continues to perform services for Defendants, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

### COUNT I - RECOVERY OF UNPAID OVERTIME - FEDERAL LAW (FLSA)

29. Plaintiffs re-aver and re-allege all allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

30. Plaintiffs are entitled to be paid time and one-half for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations. All similarly situated employees are similarly owed time and one-half, calculated properly, for those overtime hours they worked and for which they were not properly paid.

31. By reason of the willful acts of the Defendants, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

32. As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, and those similarly situated to them, who have or will opt-in to this action, demand judgment against Defendants for the overtime compensation payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

### COUNT II - RECOVERY OF MINIMUM WAGES - FEDERAL (FLSA) AND FLORIDA LAW

33. Plaintiffs re-aver and re-allege all allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

34. Plaintiffs are entitled to be paid the statutory minimum wages for each hour worked per workweek. All similarly situated employees are similarly owed minimum wages, for those

hours they worked and for which they were not properly paid.

35. By reason of the willful acts of the Defendants, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

36. As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, and those similarly situated to hmm, who have or will opt-in to this action, demand judgment against Defendants for the minimum wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: November 1, 2018
        Boca Raton, FL

Respectfully submitted,

*/s Daniel R. Levine*
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861
E-Mail:  DRL@PBL-Law.com
ERICA A. GONSALVES, ESQ.
Fla. Bar No. 122538
E-Mail:  EG@PBL-Law.com
Padula Bennardo Levine, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL  33431
Telephone:    (561) 544-8900
Facsimile:      (561) 544-8999
Counsel for Plaintiff