## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

**ADAM MOSTEL and DREW**
**PORTALATIN, on behalf of**
**themselves and all others similarly**
**situated,**

        **Plaintiffs,**                          **Case No.  9:18-cv-81495-BB**

**v.**

**PBG DELIVERY DUDES LLC, a**
**Florida limited liability company,**
**and MICHAL SKARZYNSKI,**
**individually,**

        **Defendants.**
_____/

### JOINT MOTION TO APPROVE THE PARTIES' SETTLEMENT AGREEMENT AND DISMISS THE CASE WITH PREJUDICE

Plaintiffs, ADAM MOSTEL and DREW PORTALATIN ("Plaintiffs") and Defendants, PBG DELIVERY DUDES, LLC and MICHAL SKARZYNSKI ("Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel, jointly move the Court for the entry of an Order approving the Parties' settlement and dismissal of the claims raised in this action for alleged unpaid minimum wages and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA" or the "Act") with prejudice.  As grounds, the Parties jointly state:

1.      On November 1, 2018, Plaintiffs filed a two-count Complaint, alleging unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA"), and unpaid minimum wages under the FLSA and Florida law as to both Plaintiffs. (Dkt. 1).

2.      On December 7, 2018, Defendants filed their Answer and Defenses as to Plaintiffs' Complaint. (Dkt. 16).

3.      On December 21, 2018, Plaintiffs filed a two-count Complaint, alleging unpaid overtime wages under the FLSA as to Plaintiff Mostel only and recovery of minimum wages under the FLSA and Florida law as to both Plaintiffs. (Dkt. 23).

4.      On January 4, 2019, Defendants filed their Answer and Defenses as to Plaintiffs' First Amended Complaint. (Dkt. 26).

5.      Defendants have disputed and denied Plaintiffs' claims and have asserted affirmative defenses under the FLSA, including that Plaintiffs were properly paid and Defendants acted in good faith compliance with the law.

6.      In order to avoid the uncertainty and costs of litigation, Defendants and Plaintiffs have negotiated a settlement of this matter, subject to the Court's fairness review and approval. The Settlement Agreements between the Parties, filed herewith as Exhibit A, contain provisions for full compensation to Plaintiffs, without compromise, for their FLSA claims.  Plaintiff Mostel will receive a total payment of $2,000.00 for a full relief of all his claims, with $1,000.00 in settlement of all FLSA claims and $1,000.00 in settlement of all liquidated damages claims. Plaintiff Portalatin will receive a total payment of $2,000.00 for a full relief of all his claims, with $1,000.00 in settlement of all FLSA claims and $1,000.00 in settlement of all liquidated damages claims.  The Parties engaged in multiple discussions and written communication regarding Plaintiffs' allegations.

7.      The Parties jointly confirm that they had a bona fide dispute under the FLSA. Defendants assert, and continue to assert, that it had reasonable grounds to believe they were compliant with the FLSA at all times and acted in good faith and not in willful violation of the FLSA.

8.      After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiffs and their counsel believe that the settlement provided in the proposed Settlement Agreements are in the best interest of Plaintiffs and represent a fair, reasonable, and adequate resolution of the above-captioned case.

9.      After the Parties resolved Plaintiffs' FLSA claims, they separately negotiated Plaintiffs' claim for attorneys' fees and costs for Plaintiffs' counsel.  The Parties have agreed to a total payment of $4,000.00 for attorneys' fees and costs.  The Parties agree that this amount reflects a reasonable fee payment to Plaintiffs' attorneys in terms of hourly rate and work performed, given the nature of this action and the desire of the Parties to fully resolve all issues at this time.

10.     All Parties have been represented by counsel throughout this litigation.

11.     Counsel for the Parties represent that the settlement entered into by the Parties was an arms-length negotiation and there was no collusion with regard to the settlement of this matter.

12.     Counsel for Plaintiffs represent that, in their opinion, the probability of Plaintiffs' success on the merits was by no means certain, and that Plaintiffs faced the risk of losing their claim on the merits, or having their claim substantially reduced.

13.     Counsel for Defendants further represents that, in their opinion, the amount offered by Defendants represent full compensation of Plaintiffs' claims based upon the likelihood of success on the merits, and the risks and uncertainties of litigation.

14.     Counsel for the Parties, in their respective opinions, concur that the settlement is fair and reasonable under the circumstances and should be approved by the Court.

## MEMORANDUM OF LAW

### A.  Standard of Review.

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect.  *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).  Judicial review is not necessary where the employee is provided full relief and, therefore, there is no "compromise" of such claims.  As the Eleventh Circuit held in *Lynn's Food*: "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them …. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1352–53.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id*. at 1354–55.  If the settlement reflects a reasonable settlement over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) The existence of fraud or collusion behind the settlement;
> (2) The complexity, expense, and likely duration of the litigation;
> (3) The stage of the proceedings and the amount of discovery completed
> (4) The probability of Plaintiff's success on the merits;
> (5) The range of possible recovery; and
> (6) The opinions of the counsel

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1530 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, 2007 WL 328792, at *2–3 (M.D. Fla. Jan. 8, 2007).

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 WL 328792, at *2–3. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to completely declare that such a settlement is 'unreasonable.'" *Bonetti v. Embarq Management Comp.*, 715 F.Supp.2d 1222, 1227 (M.D. Fla. Aug. 4, 2009). Where the plaintiff's attorneys' fees is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

### B. All of the Relevant Criteria Support Final Approval of the Settlement

Plaintiffs acknowledge that this settlement is for the payment of wages allegedly due during the FLSA's three-year limitations period, plus an equal amount representing liquidated damages. Courts have found no fraud or collusion where both parties were represented by counsel and the amounts to be paid to the Plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006).

Here, each party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to and did vigorously represent their respective client's rights. Based on the amount to be paid to Plaintiffs, it is clear that there was no fraud or collusion. These facts further support that the settlement terms were reached through arms-length negotiations. *See Khait v. Whirlpool Corp.*, 2010 WL 2025106, at *4 (E.D.N.Y.

Jan. 20, 2010); *Quintanilla v. A & R Demolition, Inc*., 2008 WL 9410399, at *4 (S.D. Tex. May 7, 2008).

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement.  Plaintiffs and Defendants continue to disagree over the merits of the claims and defenses asserted.  If the Parties continue to litigate this matter, they will be forced to engage in costly litigation in order to prove their claims and defenses.  This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

Further, in agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

WHEREFORE, Plaintiffs, ADAM MOSTEL and DREW PORTALATIN, and Defendants, PBG DELIVERY DUDES, LLC and MICHAL SKARZYNSKI, jointly move the Court to enter an Order approving the Parties' settlement and dismissal of the underlying action and all claims raised therein with prejudice.

DATED this 25th day of March, 2019.

Respectfully submitted,                          Respectfully submitted,

/s/Daniel R. Levine                              /s/Karen E. Smeda
Daniel R. Levine, Esq.                           Ignacio J. Garcia, Esq.
Florida Bar No. 0057861                          Florida Bar No.: 423440
Erica A. Gonsalves, Esq.                         Karen E. Smeda, Esq.
Florida Bar No. 122538                           Florida Bar No.: 1011113
**PADULA BENNARDO LEVINE, LLP**                  **OGLETREE, DEAKINS, NASH,**
3837 NW Boca Raton Blvd., Suite 200              **  SMOAK & STEWART, P.C.**
Boca Raton, FL 33431                             100 North Tampa Street, Suite 3600
Telephone: (561) 544-8900                        Tampa, FL  33602
Facsimile: (561) 544-8999                        Telephone:  813.289.1247
DRL@PBL-Law.com                                  Facsimile:  813.289.6530
EG@PBL-Law.com                                   ignacio.garcia@ogletree.com
*Attorneys for Plaintiffs*                       karen.smeda@ogletree.com
                                                 *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of March, 2019, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to the following:

Daniel R. Levine, Esq.
Erica A. Gonsalves, Esq.
Padula Bennardo Levine, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL 33431
DRL@PBL-Law.com
EG@PBL-Law.com
*Attorneys for Plaintiffs*

*/s/ Karen E. Smeda*
Attorney

37781992.1