UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ADAM MOSTEL and DREW
PORTALATIN, on behalf of
themselves and all others similarly
situated,

      Plaintiffs,                                Case No.  9:18-cv-81495-BB

v.

PBG DELIVERY DUDES LLC, a
Florida limited liability company,
and MICHAL SKARZYNSKI,
individually,

      Defendants.
_____/

## FLSA SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, "Agreement") is hereby entered into between ADAM MOSTEL and DREW PORTALATIN and all of their agents, successors, heirs, and assigns (collectively referred to as "PLAINTIFFS"), and PBG DELIVERY DUDES, LLC and MICHAL SKARZYNSKI (collectively "DEFENDANTS"), and all of their parents, subsidiaries, siblings, affiliated, predecessor, and successor corporations, companies, partnerships, divisions, and other entities, as well as their current and former owners, shareholders, officers, agents, employees, and insurers (collectively "DEFENDANTS").

WHEREAS, PLAINTIFFS are former delivery drivers classified as independent contractors of DEFENDANTS who allege they were employees at all times;

WHEREAS, PLAINTIFFS filed the above-styled civil action (hereafter referred to as "The Litigation");

EXHIBIT A

WHEREAS, PLAINTIFFS asserted claims for unpaid overtime and minimum wages in violation of the Fair Labor Standards Act of 1930, 29 U.S.C. §§201, et. seq. ("FLSA");

WHEREAS, DEFENDANTS deny all allegations made by PLAINTIFFS in The Litigation and deny any liability to PLAINTIFFS and assert that they have acted lawfully in all respects; and

WHEREAS, PLAINTIFFS and DEFENDANTS desire to resolve and end the claims PLAINTIFFS have brought in The Litigation;

NOW, THEREFORE, it is hereby agreed between PLAINTIFFS and DEFENDANTS fully and finally settle and completely dispose of PLAINTIFFS' claims in The Litigation, without any admission of liability or any finding or admission that any of PLAINTIFFS' rights, under any statute, contract, common law, claim or otherwise, were in any way violated; in consideration of the mutual promises contained herein, and other good and valuable consideration as hereinafter recited, the receipt, and adequacy of which is hereby acknowledged. Accordingly, it is agreed as follows:

1. Following execution of this Agreement, and on or before March 25, 2019, the parties shall submit this Agreement to the Court for approval. Provided the Court approves this Agreement, Defendants shall have in Plaintiffs' counsel's office the following payments:

(a) a check made payable to PLAINTIFF MOSTEL in the gross amount of One Thousand Dollars and No Cents ($1,000.00), less applicable federal income tax withholding and other deductions required by law, as settlement of all FLSA claims;

(b) a check made payable to PLAINTIFF MOSTEL in the amount of One Thousand Dollars and No Cents ($1,000.00), as settlement of all liquidated damages;

(c) a check made payable to PLAINTIFF PORTALATIN in the gross amount of One Thousand Dollars and No Cents ($1,000.00), less applicable federal income tax withholding and other deductions required by law, as settlement of all FLSA claims;

(d) a check made payable to PLAINTIFF PORTALATIN in the amount of One Thousand Dollars and No Cents ($1,000.00), as settlement of all liquidated damages;

(e) a check made payable to PADULA, BERNANDO, LEVINE, LLP ("PLAINTIFFS' COUNSEL"), for attorneys' fees and costs in the amount of Four Thousand Dollars and No Cents ($4,000.00).

The checks required by this paragraph shall be delivered to PLAINTIFFS' COUNSEL, within five (5) business days following the Court's approval of this Agreement.  The parties further agree that the attorneys' fees reflected in Paragraph 2(e) were negotiated separate and apart from PLAINTIFFS' recovery, and are reasonable.

2.     PLAINTIFFS understands and agrees that the payment to them referenced in Paragraphs 1(a) and (c) represents alleged unpaid overtime wages, minimum wages, and any other FLSA claims against DEFENDANTS, and will be subject to withholding for federal income and other employment taxes, and will be reported by DEFENDANTS to the Internal Revenue Service on Form W-2.  PLAINTIFFS further understands and agrees that the payment to them referenced in Paragraph 1(b) and (d) represents payment for alleged liquidated damages, will not be subject to withholding for federal income and other employment taxes, and will be reported by DEFENDANTS to the Internal Revenue Service on Form 1099.  PLAINTIFFS further understands that the payment to PLAINTIFFS' COUNSEL referenced in Paragraph 1(e) represents payment for attorneys' fees and costs, and will be reported by DEFENDANTS to the Internal Revenue Service on Form 1099 issued to PLAINTIFFS' COUNSEL.  Finally,

PLAINTIFFS understand and agree that DEFENDANTS have made no representation as to the tax consequences or tax liability arising from the payments described in Paragraph 1. PLAINTIFFS further agrees that they, and not DEFENDANTS, shall be responsible for the payment of any taxes, interest or penalties that might be found due and owing as a result of the payments made in connection with this Agreement, and PLAINTIFFS agree to indemnify and hold harmless DEFENDANTS for any taxes, interest or penalties that might be found due and owing as a result of the payments made in connection with this Agreement.

3. RELEASE OF FLSA CLAIMS. Provided the Court approves this Agreement, PLAINTIFFS hereby release, acquit, exonerate, and forever discharge DEFENDANTS from any and all claims under the FLSA and all and every manner of action and actions, charges, cause and causes of action, obligations, demands, liabilities, suits, debts, dues, sums of monies, accounts, covenants, contracts, controversies, agreements, promises, judgments, expenses, and claims of any kind whatsoever, known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, in law, equity or otherwise, which PLAINTIFFS ever had or now have relating to their claims in The Litigation, including retaliation and wages, including overtime, through the date of this Agreement.

4. With respect to the payment of wages for hours worked or providing services, PLAINTIFFS represent and warrant that the payments reflected in this Agreement compensate them for all hours they worked or provided services for DEFENDANTS and that through the date of this Agreement, as a consequence, they have no further claim for unpaid wages or overtime pay. As part of this Agreement and a result of the payments made to PLAINTIFFS by DEFENDANTS, upon receipt of the proceeds referenced herein, PLAINTIFFS acknowledge and agree that each has been paid all wages (including overtime compensation) and other

compensation due to them from DEFENDANTS for any reason, that they have recorded and submitted all hours worked, and that the compensation reflected herein fully compensates them for any unpaid wages, compensation, and/or overtime they would have been entitled to for the full limitations period.

5. PLAINTIFFS and DEFENDANTS agree that they will jointly submit this Agreement for review and approval by the Presiding Judge in The Litigation on or before March 25, 2019, and that this Agreement is contingent upon its approval by the Court.

6. PLAINTIFFS agree that this Agreement and its provisions shall not be construed as an admission of any wrongdoing or liability on the part of DEFENDANTS or any of its officers or employees, but that, to the contrary, any such wrongdoing or liability is expressly denied by DEFENDANTS, and that DEFENDANTS are entering this Agreement solely to avoid the costs of litigation.

7. PLAINTIFFS and DEFENDANTS agree that neither party will be considered a "prevailing party" for any reason, including but not limited to, an award of attorneys' fees under any statute or otherwise, and that, with the exception of payments described above, each Party shall be responsible for their or its own costs and attorneys' fees.

8. PLAINTIFFS and DEFENDANTS further agree that this Agreement shall be binding upon and inure to the benefit of their assigns, personal representatives, heirs, executors, administrators, and successors.

9. PLAINTIFFS and DEFENDANTS further agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the laws of Florida, except that no effect shall be given to any provision of Florida law that would require the application of the substantive law of a state other than Florida. The Parties further agreement

that should DEFENDANTS fail to timely provide all payments due and owing under this Agreement, that PLAINTIFFS shall be entitled to their attorneys' fees and costs if they are required to pursue the same, in a court of competent jurisdiction.

10. PLAINTIFFS acknowledge that at all times during the negotiation and execution of this Agreement, they were represented by counsel of their own choosing, and each has entered this Agreement knowingly, voluntarily, and with a complete understanding of its provisions.

11. PLAINTIFFS and DEFENDANTS further agree that this Agreement shall not be modified except through a writing signed by each of the Parties hereto.

12. If, at any time after the execution of this Agreement, any provision of this Agreement is held illegal, void, or unenforceable, such provision shall be of no force and effect except as set forth in this paragraph, except for paragraphs 1 and 3. The illegality or unenforceability of such provision, however, shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement, provided, however, that if the release or covenant not to sue provided for in Paragraph 3, and/or the payments set forth in paragraph 1 above are held void or unenforceable, this whole Agreement shall be null and voided. .

IN WITNESS WHEREOF, the Parties have hereunto executed this Agreement.

**AS TO PLAINTIFFS**:

_____    March 25, 2019
**ADAM MOSTEL**                       Date


_____    _____
**DREW PORTALATIN**                   Date

6

AS TO DEFENDANTS:

PBG DELIVERY DUDES, LLC

By: Michal Skarzynski, Owner     Date 3/25/19

MICHAL SKARZYNSKI, individually     Date 3/25/19

37860742.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**ADAM MOSTEL and DREW**
**PORTALATIN, on behalf of**
**themselves and all others similarly**
**situated,**

       **Plaintiffs,**　　　　　　　　　　　　Case No.  9:18-cv-81495-BB

**v.**

**PBG DELIVERY DUDES LLC, a**
**Florida limited liability company,**
**and MICHAL SKARZYNSKI,**
**individually,**

       **Defendants.**
_____/

**FLSA SETTLEMENT AGREEMENT**

      This Settlement Agreement (hereinafter, "Agreement") is hereby entered into between ADAM MOSTEL and DREW PORTALATIN and all of their agents, successors, heirs, and assigns (collectively referred to as "PLAINTIFFS"), and PBG DELIVERY DUDES, LLC and MICHAL SKARZYNSKI (collectively "DEFENDANTS"), and all of their parents, subsidiaries, siblings, affiliated, predecessor, and successor corporations, companies, partnerships, divisions, and other entities, as well as their current and former owners, shareholders, officers, agents, employees, and insurers (collectively "DEFENDANTS").

      WHEREAS, PLAINTIFFS are former delivery drivers classified as independent contractors of DEFENDANTS who allege they were employees at all times;

      WHEREAS, PLAINTIFFS filed the above-styled civil action (hereafter referred to as "The Litigation");

1

WHEREAS, PLAINTIFFS asserted claims for unpaid overtime and minimum wages in violation of the Fair Labor Standards Act of 1930, 29 U.S.C. §§201, et. seq. ("FLSA");

WHEREAS, DEFENDANTS deny all allegations made by PLAINTIFFS in The Litigation and deny any liability to PLAINTIFFS and assert that they have acted lawfully in all respects; and

WHEREAS, PLAINTIFFS and DEFENDANTS desire to resolve and end the claims PLAINTIFFS have brought in The Litigation;

NOW, THEREFORE, it is hereby agreed between PLAINTIFFS and DEFENDANTS fully and finally settle and completely dispose of PLAINTIFFS' claims in The Litigation, without any admission of liability or any finding or admission that any of PLAINTIFFS' rights, under any statute, contract, common law, claim or otherwise, were in any way violated; in consideration of the mutual promises contained herein, and other good and valuable consideration as hereinafter recited, the receipt, and adequacy of which is hereby acknowledged. Accordingly, it is agreed as follows:

1. Following execution of this Agreement, and on or before March 25, 2019, the parties shall submit this Agreement to the Court for approval. Provided the Court approves this Agreement, Defendants shall have in Plaintiffs' counsel's office the following payments:

(a) a check made payable to PLAINTIFF MOSTEL in the gross amount of One Thousand Dollars and No Cents ($1,000.00), less applicable federal income tax withholding and other deductions required by law, as settlement of all FLSA claims;

(b) a check made payable to PLAINTIFF MOSTEL in the amount of One Thousand Dollars and No Cents ($1,000.00), as settlement of all liquidated damages;

(c) a check made payable to PLAINTIFF PORTALATIN in the gross amount of One Thousand Dollars and No Cents ($1,000.00), less applicable federal income tax withholding and other deductions required by law, as settlement of all FLSA claims;

(d) a check made payable to PLAINTIFF PORTALATIN in the amount of One Thousand Dollars and No Cents ($1,000.00), as settlement of all liquidated damages;

(e) a check made payable to PADULA, BERNANDO, LEVINE, LLP ("PLAINTIFFS' COUNSEL"), for attorneys' fees and costs in the amount of Four Thousand Dollars and No Cents ($4,000.00).

The checks required by this paragraph shall be delivered to PLAINTIFFS' COUNSEL, within five (5) business days following the Court's approval of this Agreement. The parties further agree that the attorneys' fees reflected in Paragraph 2(e) were negotiated separate and apart from PLAINTIFFS' recovery, and are reasonable.

2. PLAINTIFFS understands and agrees that the payment to them referenced in Paragraphs 1(a) and (c) represents alleged unpaid overtime wages, minimum wages, and any other FLSA claims against DEFENDANTS, and will be subject to withholding for federal income and other employment taxes, and will be reported by DEFENDANTS to the Internal Revenue Service on Form W-2. PLAINTIFFS further understands and agrees that the payment to them referenced in Paragraph 1(b) and (d) represents payment for alleged liquidated damages, will not be subject to withholding for federal income and other employment taxes, and will be reported by DEFENDANTS to the Internal Revenue Service on Form 1099. PLAINTIFFS further understands that the payment to PLAINTIFFS' COUNSEL referenced in Paragraph 1(e) represents payment for attorneys' fees and costs, and will be reported by DEFENDANTS to the Internal Revenue Service on Form 1099 issued to PLAINTIFFS' COUNSEL. Finally,

3

PLAINTIFFS understand and agree that DEFENDANTS have made no representation as to the tax consequences or tax liability arising from the payments described in Paragraph 1. PLAINTIFFS further agrees that they, and not DEFENDANTS, shall be responsible for the payment of any taxes, interest or penalties that might be found due and owing as a result of the payments made in connection with this Agreement, and PLAINTIFFS agree to indemnify and hold harmless DEFENDANTS for any taxes, interest or penalties that might be found due and owing as a result of the payments made in connection with this Agreement.

3.      RELEASE OF FLSA CLAIMS.   Provided the Court approves this Agreement, PLAINTIFFS hereby release, acquit, exonerate, and forever discharge DEFENDANTS from any and all claims under the FLSA and all and every manner of action and actions, charges, cause and causes of action, obligations, demands, liabilities, suits, debts, dues, sums of monies, accounts, covenants, contracts, controversies, agreements, promises, judgments, expenses, and claims of any kind whatsoever, known or unknown, contingent or fixed, liquidated or unliquidated, matured or unmatured, in law, equity or otherwise, which PLAINTIFFS ever had or now have relating to their claims in The Litigation, including retaliation and wages, including overtime, through the date of this Agreement.

4.      With respect to the payment of wages for hours worked or providing services, PLAINTIFFS represent and warrant that the payments reflected in this Agreement compensate them for all hours they worked or provided services for DEFENDANTS and that through the date of this Agreement, as a consequence, they have no further claim for unpaid wages or overtime pay.  As part of this Agreement and a result of the payments made to PLAINTIFFS by DEFENDANTS, upon receipt of the proceeds referenced herein, PLAINTIFFS acknowledge and agree that each has been paid all wages (including overtime compensation) and other

4

compensation due to them from DEFENDANTS for any reason, that they have recorded and submitted all hours worked, and that the compensation reflected herein fully compensates them for any unpaid wages, compensation, and/or overtime they would have been entitled to for the full limitations period.

5. PLAINTIFFS and DEFENDANTS agree that they will jointly submit this Agreement for review and approval by the Presiding Judge in The Litigation on or before March 25, 2019, and that this Agreement is contingent upon its approval by the Court.

6. PLAINTIFFS agree that this Agreement and its provisions shall not be construed as an admission of any wrongdoing or liability on the part of DEFENDANTS or any of its officers or employees, but that, to the contrary, any such wrongdoing or liability is expressly denied by DEFENDANTS, and that DEFENDANTS are entering this Agreement solely to avoid the costs of litigation.

7. PLAINTIFFS and DEFENDANTS agree that neither party will be considered a "prevailing party" for any reason, including but not limited to, an award of attorneys' fees under any statute or otherwise, and that, with the exception of payments described above, each Party shall be responsible for their or its own costs and attorneys' fees.

8. PLAINTIFFS and DEFENDANTS further agree that this Agreement shall be binding upon and inure to the benefit of their assigns, personal representatives, heirs, executors, administrators, and successors.

9. PLAINTIFFS and DEFENDANTS further agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the laws of Florida, except that no effect shall be given to any provision of Florida law that would require the application of the substantive law of a state other than Florida.  The Parties further agreement

that should DEFENDANTS fail to timely provide all payments due and owing under this Agreement, that PLAINTIFFS shall be entitled to their attorneys' fees and costs if they are required to pursue the same, in a court of competent jurisdiction.

10. PLAINTIFFS acknowledge that at all times during the negotiation and execution of this Agreement, they were represented by counsel of their own choosing, and each has entered this Agreement knowingly, voluntarily, and with a complete understanding of its provisions.

11. PLAINTIFFS and DEFENDANTS further agree that this Agreement shall not be modified except through a writing signed by each of the Parties hereto.

12. If, at any time after the execution of this Agreement, any provision of this Agreement is held illegal, void, or unenforceable, such provision shall be of no force and effect except as set forth in this paragraph, except for paragraphs 1 and 3.  The illegality or unenforceability of such provision, however, shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement, provided, however, that if the release or covenant not to sue provided for in Paragraph 3, and/or the payments set forth in paragraph 1 above are held void or unenforceable, this whole Agreement shall be null and voided. .

IN WITNESS WHEREOF, the Parties have hereunto executed this Agreement.

**AS TO PLAINTIFFS**:

_____   _____
**ADAM MOSTEL**                                               Date

*Drew Portalatin*                                                3/25/2019
_____   _____
**DREW PORTALATIN**                                    Date

AS TO DEFENDANTS:

PBG DELIVERY DUDES, LLC

_____   3/25/19
By: Michal Skarzynski, Owner      Date

_____   3/25/19
MICHAL SKARZYNSKI, individually   Date

37860742.1

7